**IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION**

| | |
|---|---|
| JOSEPH R. MILLER, § | |
| No.30941-177, § | |
|     Defendant- Movant, § | |
| § | |
| v. § | No. 3:03-CR-0389-R |
| § | (No. 3:05-CV-0656-R) |
| UNITED STATES OF AMERICA, § | |
|     Plaintiff- Respondent. § | |

**FINDINGS, CONCLUSIONS AND RECOMMENDATION
OF THE UNITED STATES MAGISTRATE JUDGE**

Pursuant to the provisions of 28 U.S.C. §636(b), and an order of the Court in implementation thereof, the subject cause has previously been referred to the undersigned United States Magistrate Judge. The Findings, Conclusions, and Recommendation of the Magistrate Judge, as evidenced by his signature thereto, are as follows:

**Findings and Conclusions**

Type Case

    This is a motion to vacate or set aside sentence filed pursuant to 28 U.S.C. §2255 filed by Joseph R. Miller ("Movant" or "Miller") who is presently confined at FCI Seagoville in Seagoville, Texas. Process has not been issued in this case.

Statement of Facts

    Movant plead guilty on December 2, 2003 to one count of bank fraud. On March 9, 2004, he was sentenced to a term of imprisonment of twelve months and a day and restitution in the amount of 139,986.54 dollars. Miller did not appeal his conviction.

    On March 23, 2005, Movant filed what he styled as Motion for Reduction of Sentence Based on Guideline Amendment Effective 1/12/05 Concerning Relevant Conduct. It was denied on April 11, 2005.

    Miller filed the present motion on April 1, 2005.

Findings and Conclusions

The Antiterrorism and Effective Death Penalty Act of 1996 establishes a one-year statute of limitations for federal inmates seeking relief under § 2255. *See* 28 U.S.C. §2255. The district court may raise the affirmative defense of the statute of limitations *sua sponte*. *See Kiser v. Johnson,* 163 F.3d 326 (5th Cir. 1999).

Section 2255 provides in pertinent part as follows:

> A 1-year period of limitation shall apply to a motion under this section. The limitation period shall run from the latest of —
> (1) the date on which the judgment of conviction becomes final;
> (2) the date on which the impediment to making a motion created by governmental action in violation of the Constitution or laws of the United States is removed, if the movant was prevented from making a motion by such governmental action;
> (3) the date on which the right asserted was initially recognized by the Supreme Court, if that right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or
> (4) the date on which the facts supporting the claim or claims presented could have been discovered through the exercise of due diligence.

Movant's judgment of conviction was entered on the docket on March 9, 2004. His conviction, therefore, became final on March 23, 2004, the last day on which he could have appealed to the Fifth Circuit Court of Appeals from the judgment of conviction. See Fed. R. App. P. 4(b)(1)(A) ("In a criminal case, a defendant's notice of appeal must be filed in the district court within 10 days after the later of (i) the entry of either the judgment or the order being appealed; or (ii) the filing of the government's notice of appeal.") and 26(a)(2). The one-year period began to run on March 24, 2004, the day after the conviction became final, *see Flanagan v. Johnson*, 154 F.3d 196, 202 (5th Cir.1998), and expired on March 24, 2005. Movant did not file this § 2255 motion

2

until April 1, 2005, after the expiration of the one-year period. Therefore, Movant's §2255 motion is untimely.

On April 21, 2005, the Magistrate Judge issued an order to Movant requiring that he show cause why his case was not barred by the one year limitations period. *See* 28 U.S.C. § 2255.  As of the date of this recommendation, Miller has failed to comply with the court's order.[1]

**Recommendation**

For the foregoing reasons it is recommended that the District Court dismiss the motion to vacate, set aside, or correct sentence pursuant to 28 U.S.C. § 2255 as barred by the one-year statute of limitations.

A copy of this recommendation shall be mailed to Movant.

Signed this 24th day of June, 2005

_____
Wm.  F.  Sanderson, Jr.
UNITED STATES MAGISTRATE JUDGE

NOTICE
In the event that you wish to object to this recommendation, you are hereby notified that you must file your written objections within ten days after being served with a copy of this recommendation.  Pursuant to *Douglass v. United Servs. Auto Ass'n,* 79 F.3d 1415 (5th Cir. 1996)(*en banc*), a party's failure to file written objections to these proposed findings of fact and conclusions of law within such ten-day period may bar a *de novo* determination by the district judge of any finding of fact or conclusion of law and shall bar such party, except upon grounds of plain error, from attacking on appeal the unobjected to proposed findings of fact and conclusions of law accepted by the district court.

---

[1] Movant has filed two non-responsive letters since the date of the Magistrate Judge's order, filed by the clerk on April 27, 2005 and May 25, 2005 respectively.

3